# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**J.E., Petitioner Below,**
**Petitioner**

**vs) No. 14-0137** (Nicholas County 13-D-145)

**L.A., Respondent Below,**
**Respondent**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner J.E., by counsel Michael F. Froble, appeals the Circuit Court of Nicholas County's January 13, 2014, order affirming the Family Court of Nicholas County's September 30, 2013, order.[1] Respondent L.A., by counsel Kenneth J. Barnett, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cammie L. Chapman, filed a response on behalf of six-year-old A.E. in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in affirming the family court's order because the family court erroneously (1) found that respondent was the child's psychological parent; (2) admitted and considered inadmissible, prejudicial evidence; (3) adopted the guardian's recommendations based on an inadequate investigation and incomplete information; and (4) limited petitioner's visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, the child was born in Kanawha County, West Virginia. The child lived with petitioner, who is her biological father, and her biological mother. In March of 2009, the child's mother moved into the home of respondent, the child's maternal grandmother, in Nicholas County, West Virginia. In November of 2009, petitioner moved into respondent's home, until he purchased and moved into his own home in Nicholas County in March of 2010. Petitioner informally agreed that the child would reside with her mother and respondent. Petitioner

---

[1]The parties in this case will be identified by initials pursuant to Rule 40 of the Rules of Appellate Procedure.

1

sporadically provided financial support and purchased necessities for the child between her birth and October of 2010. Respondent substantially financially supported the child during this period.[2]

In October of 2010, the child's mother died.[3] In her last will and testament, she appointed respondent as the child's guardian. The child remained with respondent, and petitioner executed a document allowing respondent to make the child's medical and educational decisions.[4] Petitioner ultimately relocated to the State of Oklahoma. The child remained in respondent's home under her care and control until June of 2013. In June of 2013, during a visit between petitioner and the child, petitioner removed the child from respondent's home without her knowledge and took the child to Ohio and then Oklahoma. Petitioner's actions prompted respondent to file the underlying petition for custody in the Family Court of Nicholas County, accompanied by motions for temporary relief and emergency custody. The family court granted respondent's motion for emergency custody, and following a habeas proceeding in Oklahoma instituted by respondent to receive custody of the child in that state, the child was returned to respondent pending the outcome of this matter.[5] Upon the child's return, she made allegations that petitioner sexually abused her in May of 2013. Petitioner denied these allegations.

In August of 2013, the family court held a final hearing, which continued for several days, on respondent's custody petition. The family court heard testimony from two dozen witnesses, including the guardian, the child's psychologist, a child protective services worker, and both parties. Over petitioner's objection, the family court admitted evidence that petitioner was convicted in 2012 of driving under the influence of alcohol ("DUI") and evidence of allegations that he sexually abused the child in 2013 and sexually abused an older daughter years earlier. At the conclusion of these hearings, the family court found that respondent was the child's psychological parent and granted her primary custody. Petitioner was granted as much visitation "as he wishes" with the child, but for a one-year period, his visitation was limited geographically to Nicholas County, West Virginia. Following the one-year period, the family court stated its intent that his parenting plan "will blossom into a more normal parenting plan" and include parenting time at his home in Oklahoma. On appeal, the circuit court affirmed the family court's order. This appeal followed.

This Court has held that with regard to custody decisions:

---

[2]According to the parties, the child received monthly social security payments made payable to respondent as payee.

[3]Petitioner states in his brief to this Court that she died of a terminal illness.

[4]It is unclear from the record on appeal the exact date on which petitioner executed said document.

[5]It is also unclear from the record on appeal how long the child resided in Oklahoma and exactly when she returned to West Virginia.

"'The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal.' Syllabus point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *superseded by statute on other grounds as stated in David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989)." Syl. Pt. 1, *In re Abbigail Faye B.*, 222 W.Va. 466, 665 S.E.2d 300 (2008).

Syl. Pt. 2, *In re Antonio R.A.*, 228 W.Va. 380, 719 S.E.2d 850 (2011). We have also explained as follows:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). With these standards in mind, we now consider petitioner's assignments of error.

On appeal, petitioner first argues that the family court erred in finding that respondent was the child's psychological parent.[6] We have explained that

[a] psychological parent is a person who, on a continuing day-to-day basis, through interaction, companionship, interplay, and mutuality, fulfills a child's psychological and physical needs for a parent and provides for the child's emotional and financial support. The psychological parent may be a biological, adoptive, or foster parent, or any other person. The resulting relationship between the psychological parent and the child must be of substantial, not temporary, duration and must have begun with the consent and encouragement of the child's legal parent or guardian.

---

[6]Petitioner's first listed assignment of error includes a challenge to the family court's ruling that respondent received primary custody of the child. However, petitioner includes no discussion of that issue in his brief, nor does he include any points of fact or law in support of this passing assertion. *See* R. App. P. 10(c)(4) and (7) (regarding "appropriate and specific references to the appendix" in the statement of the case and "an argument exhibiting clearly the points of fact and law presented . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.") "Typically, this Court will not address issues that have not been properly briefed." *State v. White*, 228 W.Va. 530, 541 n. 9, 722 S.E.2d 566, 577 n. 9 (2011).

Syl. Pt. 3, *In re Clifford K.*, 217 W. Va. 625, 619 S.E.2d 138 (2005). Further, in the syllabus of *State of FLA., DHRS v. Thornton*, 183 W.Va. 513, 396 S.E.2d 475 (1990), we held that

> "[i]f a child has resided with an individual other than a parent for a significant period of time such that the non-parent with whom the child resides serves as the child's psychological parent, . . . the equitable rights of the child must be considered in connection with any decision that would alter the child's custody. To protect the equitable rights of a child in this situation, the child's environment should not be disturbed without a clear showing of significant benefit to him. . . ." Syl. Pt. 4, in part, *In the Interest of Brandon L.E.* [183 W.Va. 113], 394 S.E.2d 515 (W.Va.1990).

In the case sub judice, we find no reversible error in the family court's finding that respondent was the child's psychological parent. When she was only a few months old, the child moved into respondent's home with the consent and encouragement of both biological parents. Following her mother's death, the child continued to reside with respondent with petitioner's consent and encouragement, which is evidenced by his execution of a document giving respondent decision-making authority for the child. This relationship was clearly of substantial duration. For approximately the past six years, throughout this child's life, respondent has provided for her day-to-day needs and substantially supported her financially. Therefore, we find no error in the family court's finding that respondent is the child's psychological parent.

Next, petitioner assigns error to the family court's admission into evidence of his 2012 criminal conviction for DUI and allegations that he sexually abused two of his daughters. "'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 6, *State v. Anderson*, 233 W.Va. 75, 754 S.E.2d 761 (2014). Upon our review, we find no reversible error in this regard. In its final order, the family court does not discuss, rely on, or consider either allegation of sexual abuse nor petitioner's 2012 DUI conviction in reaching its ruling. Petitioner cites no portion of the record on appeal where the family court otherwise considered this evidence. Moreover, as to the allegations of sexual abuse, the family court specifically found in its final order that it did "not have adequate evidence to make a finding of any kind on the allegation, even a finding to a preponderance of the evidence. The court has not considered that allegation in its ruling[.]"As we held in syllabus point two of *West Virginia Department of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004), "[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Further, in accordance with our general rule, we give deference to the lower court's evidentiary rulings made pursuant to Rule 403 of the West Virginia Rules of Evidence. *See*

Franklin D. Cleckley, Louis J. Palmer, Jr., & Robin Jean Davis, Vol. 1, Handbook on Evidence for West Virginia Lawyers, § 403.02[2][a] (2012) (providing that "[a] reviewing court should defer to the ruling of the trial court on a Rule 403 issue, unless the ruling is an arbitrary or

irrational exercise of discretion."). Based on the record before us, we cannot find that the circuit court erred in affirming the family court's order with regard to this issue.

As his third assignment of error, petitioner argues that the family court erred in adopting the guardian's recommendations because those recommendations were based on an inadequate investigation and incomplete information. Importantly, petitioner cites no law in support of his position, and he fails to indicate how and when he raised the issue of the guardian's investigation or failure to remain at the final hearing after providing testimony before the family court. "This Court will not consider an error which is not preserved in the record nor apparent on the face of the record." Syl. Pt. 6, *State v. Byers*, 159 W. Va. 596, 224 S.E.2d 726 (1976). In addition,

> [t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court on pain that, if they forget their lines, they will likely be bound forever to hold their peace . . . [i]t must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.

*State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). As noted above, Rule 10(c)(7) of the Rules of Appellate Procedure requires petitioner's brief to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Therefore, we find that petitioner failed to preserve his complaints about the adequacy of the guardian's report, recommendations, and investigation for this appeal.

Finally, petitioner argues that the family court erred in limiting his visitation to Nicholas County during a one-year period, when he is a resident of Oklahoma.[7] Our case law recognizes that "[i]n visitation as well as custody matters, we have traditionally held paramount the best interests of the child." Syl. Pt. 5, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996). In this matter, the family court found that petitioner took the child, without respondent's knowledge and without a transition plan for the child, to Oklahoma in 2013, and she was only returned after removal by law enforcement. Petitioner's action caused the child "a great deal of stress," and, therefore, petitioner was not acting in the child's best interests. The family court found that the child's best interests were served by her residing in Nicholas County, West Virginia, where she had lived for the majority of her life. However, the family court granted petitioner "as much visitation in Nicholas County, West Virginia, as he wishes" and further reasonable visitation via telephone and internet video streaming access. Based on the record before us, we find no reversible error in the circuit court's order affirming the family court's order limiting petitioner's visitation to Nicholas County, West Virginia, for a one-year period, as the same was in the child's best interests.

---

[7]While this issue may have been rendered moot as of September 30, 2014, due to the time limitation on the family court's order, it is unclear from the record on appeal whether the limitation has ended. Therefore, as the issue remains unclear, we address the issue on its merits.

For the foregoing reasons, we affirm the Circuit Court of Nicholas County's January 13, 2014, order.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6